[Cite as *State v. Stultz*, 2025-Ohio-2032.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-24-057

    Appellee                                 Trial Court No.  2023 CR 13

v.

Michael P. Stultz, II.                           **DECISION AND JUDGMENT**

    Appellant                                Decided: June 6, 2025

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and,
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, Michael P. Stultz, II, from the June 27, 2024 order of the Wood County Common Pleas Court.  For the reasons that follow, we affirm.

**Assignment of Error**

The trial court erred to the prejudice of Appellant by imposing consecutive sentences that are not supported by the record.

**Background**

{¶ 2} On January 19, 2023, Stultz was indicted with one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4) and (C)(2) (Count 1), a felony of the third degree, one count of rape, in violation of R.C. 2907.02(A)(1)(b) and (B), a felony of the first degree (Count 2), and two counts of rape, in violation of R.C. 2907.02(A)(2) and (B), felonies of the first degree (Counts 3 and 4). These charges stemmed from sexual abuse allegations relating to two minors, Stultz's daughter (Count 1) and his former stepdaughter (Counts 2 - 4). At an arraignment held January 30, 2023, Stultz pled not guilty to each count.

{¶ 3} On May 7, 2024, Stultz entered a guilty plea to Count 1 of the indictment, as well as to amended Counts 2 through 4, which were all amended to sexual battery, in violation of R.C. 2907.03(A)(5) and (B), felonies of the third degree. The trial court found Stultz knowingly, voluntarily, and intelligently entered the guilty pleas and found him guilty of the four charges.

{¶ 4} Stultz appeared for sentencing on June 24, 2024. After he was advised of his registration responsibilities as a Tier III sex offender, his attorney spoke in mitigation. With respect to consecutive sentences, Stultz's attorney said:

> I understand the State of Ohio is asking the Court to impose consecutive sentences on [Stultz], and I think we have two victims here. We'd ask the Court to impose one sentence for one victim, one sentence for the other victim, order those to be consecutive, but order the remaining sentences to be concurrent for an eight-year sentence.

{¶ 5} Afterwards, the prosecutor spoke specifically about the events leading up to the charges, stating that Stultz had "raped his stepdaughter and sexually molested his own biological daughter." She further explained that he had been sexually abusing his stepdaughter from the

2.

time she was 12 until she was "about 14 years old" and gave specific details regarding the events. In the context of sentencing, she also argued that she is concerned not only about punishing Stultz, but about protecting the public, including another daughter that he was raising. For that reason, the prosecutor requested that all the sentences be run consecutively.

{¶ 6} Stultz then read a statement to the court, which he said was addressed to his kids. When he was done, the trial court commented that Stultz's conduct was more serious based upon "the physical and mental injury suffered by the two victims due to this conduct, which was exacerbated because of the physical and mental condition or age of both of these victims." The court found the victims "suffered serious physical, psychological harm as a result of these offenses" and that it was Stultz's relationship with the victims that facilitated the offenses. The court also concluded that there were a couple of factors that suggest recidivism would be more likely, including being adjudicated a delinquent child and a minimal history of criminal convictions. The court then made the following relevant comments:

> Main concerning factor here is, obviously, that the victims were your daughters. One was your daughter and one was your former step-daughter. You're supposed to be the one that the victims can trust to rely upon and run to at times of distress and trouble and when they need comfort. Instead, you preyed on them. And your ex-stepdaughter you preyed on for years. You used all that trust they had against your daughter and ex-stepdaughter, to take advantage of them and to sexually abuse them. They - - your victims will have to deal with this trauma for years.
> It is disturbing to me that there's mention that you're a good man and that you don't prey on children. But good people, good men, good women don't prey on children. This is not - - there's indication that you're thinking that alcohol or substance abuse is the root of this problem or that a medical condition is the root of the problem. Still, that doesn't not [sic] create and make people prey on children, especially their own family.

3.

**{¶ 7}** The trial court then sentenced Stultz to 48 months each on Counts 1 - 4, to be served consecutively for an aggregate term of 192 months in the Ohio Department of Rehabilitation and Corrections. With respect to the consecutive nature of the sentence, the trial court stated:

> The Court finds that consecutive sentencing is necessary to protect the public from future crime and to punish you. The Court also finds that consecutive sentences are not disproportionate to the seriousness of the - - of your conduct and the danger that you pose to the public. The Court also finds that at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed is so great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflect the seriousness of your conduct.
> In its judgment entry, the trial court made comments and findings similar to those

discussed above.

**{¶ 8}** Stultz appealed.

### Law and Analysis

**{¶ 9}** Stultz's sole assignment of error objects to the trial court's imposition of consecutive sentences, claiming that they are not supported by the record. He acknowledges that there were two separate victims and seems to concede that two of the sentences could be consecutive, however, he objects to the consecutive nature of the remaining two sentences.

**{¶ 10}** We review felony sentences under R.C. 2953.08(G)(2). *State v. Purley*, 2022-Ohio-2524, ¶ 8 (6th Dist.). R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court clearly and convincingly finds that either of the following apply: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division

4.

(B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code" or (2) "the sentence is otherwise contrary to law." Clear and convincing evidence is defined as "'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Gwynne*, 2023-Ohio-3851, ¶ 14, quoting *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus.

{¶ 11} Here, we consider whether the record does not support the trial court's findings under R.C. 2929.14(C)(4), which concerns the imposition of consecutive sentences. Generally, pursuant to R.C. 2929.41(A), "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment" unless an applicable exception applies. The exception at issue here is R.C. 2929.14(C)(4)(b), which reads as follows.

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
> . . .
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 12} A trial court imposing consecutive sentences must make these findings at the sentencing hearing and incorporate them into its sentencing entry but is not obligated to state

5.

reasons supporting its findings. *State v. Bonnell*, 2014-Ohio-3177, syllabus. "However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 13} Our review of the record reveals that the trial court made the requisite findings. Stultz does not dispute this but insists that there is nothing in the record to support a finding of "great or unusual harm." As the parties stipulated at the plea hearing that there were sufficient facts to support the convictions, there was no recitation of the facts at the plea hearing. Therefore, Stultz specifically points to the State's sentencing statement.

{¶ 14} Upon review, we cannot say that the trial court's finding of great or unusual harm is clearly and convincingly not supported by the record. At sentencing, the State discussed how Stultz had raped his former stepdaughter for a period of approximately two years, beginning when she was only 12 years old, and that he told her not to tell or his kids would not have a dad, which scared the stepdaughter and kept her quiet because she grew up without a father and "that's always hurt her and she did not want to take that away from her other siblings." And when she found out Stultz had also sexually abused her half-sister, Stultz's biological daughter, the former stepdaughter was upset and angry because she had kept quiet to protect her siblings. Similar statements were also included in the Presentence Investigation Report. Stultz himself acknowledged that his actions caused "immense pain and suffering." Based upon this, we cannot say that the trial court's finding of great or unusual harm is not clearly and convincingly supported by the record.

6.

**{¶ 15}** Since the trial court made the requisite findings under R.C. 2929.14(C)(4), and as Stultz did not meet his burden of demonstrating that the record does not clearly and convincingly support the trial court's findings, we find Stultz's assignment of error not well-taken.

**Conclusion**

**{¶ 16}** The judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, Stultz is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.
_____
JUDGE

Myron C. Duhart, J.
_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.